FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIEL HENDRICKS and
COLLEEN HENDRICKS,
individually and as the marital
community comprised thereof,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY
OF AMERICA, a New Hampshire
corporation,

Defendant.

No. 2:25-CV-00340-MKD

ORDER REGARDING PLAINTIFFS'
REQUESTS FOR DISCOVERY AND
ORDER GRANTING DEFENDANT'S
MOTION FOR A PROTECTIVE
ORDER

**ECF No. 37**

**BEFORE THE COURT** is Plaintiffs' request for the Court to order Defendant to produce discovery, *see* ECF No. 39, and Defendant's motion for a protective order regarding the discovery requests, ECF No. 37. Following a Court-ordered meet and confer conference, the parties apparently reached agreement on 60 of 64 topics. ECF No. 39 at 2.

Defendant continues to object and refuse to produce certain discovery in response to Plaintiffs' requests. ECF No. 37. Defendant (1) agrees to produce its claims manuals (Plaintiffs' Request Nos. 31, 32, 36, and 37), but seeks a protective order for confidentiality, (2) seeks relief from the disclosure of reserve information in this case, and (3) seeks relief from the disclosure of information regarding other claims and actions during 2025 through the present date. ECF No. 37. This discovery dispute has been referred to the undersigned magistrate judge. ECF No. 41 & 49.

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest

ORDER - 1

practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Fed. R. Civ. P. 26(b)(1) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

### A.    Claims Manuals

Defendant agrees to produce its claims manuals but seeks a protective order for confidentiality.  Defendant argues that the insurance claims manuals constitute protected trade secrets pursuant to *Woo v. Fireman's Fund Ins. Co.*, 137 Wash.App. 480 (2007) and *McCallum v. Allstate Prop. & Cas. Ins. Co.*, 149 Wash.App. 412 (2009).

Plaintiffs respond that Defendant's request for a blanket protective order should be denied.[1]  Plaintiffs indicate both *Woo* and *McCallum* establish that

---

[1]Plaintiffs argue that at a minimum the Court should require *in camera* review and narrowly tailor redactions rather than permit a protective order in this case.  However, the undersigned finds that redaction of discrete information from the requested materials does not appear feasible.  *See Johnson v. State Farm Fire*

ORDER - 2

insurance claims manuals are not presumptively protectable trade secrets and generalized assertions of confidentiality, internal development, and competitive harm are legally insufficient.

The Court notes at the outset that *Woo* (dealing with trial exhibits) and *McCallum* (addressing a witness who lacked requisite knowledge) are distinguishable and do not control in the present case.

The Court finds that Defendant has made a sufficient showing that the requested materials consist of customized procedures, techniques, processes, methods, systems, and policies developed over many years at great expense to address specific coverages under its insurance policies and that it takes substantial security measures to ensure these materials remain confidential within the company, including the implementation of policies to maintain confidentiality and limit access. *See* ECF No. 37; ECF No. 34 (Declaration of Safeco Insurance Company of America).[2] Public disclosure could put Defendant at a competitive disadvantage. As determined by Judge Pennell in recent orders in this district, the value of these materials is derived precisely from the fact that the information

& *Cas. Co.*, 2025 WL 3642048 at *3 (E.D. Wash. Dec. 15, 2025); *Reed v. State Farm Fire & Cas. Co.*, 2025 WL 3452052 at *4 (E.D. Wash. Dec. 1, 2025). Furthermore, the Court finds that neither *in camera* review nor redaction is appropriate in a mine run discovery dispute such as this.

[2]Although Plaintiffs' counsel complains he did not receive the information in this declaration in a timely manner, Defendant's counsel indicated at the hearing that he informed Plaintiffs' counsel at a March 19, 2026 discovery conference of the name of a case, and the associated attorney, that included the relevant declaration and that Plaintiffs' counsel declined to have Defendant furnish him the declaration directly. At the hearing, Plaintiffs' counsel did not respond to Defendant's assertion in this regard.

ORDER - 3

contained therein is not public; therefore, the private interests in preventing disclosure are strong. *See Johnson*, 2025 WL 3642048 at *3; *Reed*, 2025 WL 3452052 at *4. The undersigned concludes that Defendant's claims manuals shall be provided pursuant to a protective order.

**B.    Reserve Information**

Defendant contends the Court should quash Plaintiffs' request for any information regarding reserves because Defendant denied coverage based on policy interpretation, not valuation; therefore, information as to reserves is not relevant. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 2014 WL 6908512 at *5 (W.D. Wash. 2014) (indicating "where an insurer denies coverage based solely on its interpretation of its policy, loss reserves likely have no relevance").

Plaintiffs respond that reserve information may lead to admissible evidence regarding the insurer's investigation, evaluation, and decision-making process. For example, reserves set before an inspection or the involvement of an expert may demonstrate whether the insurer conducted any meaningful evaluation before issuing a denial. Reserves set or adjusted after the inspection may reveal inconsistencies between Defendant's internal assessment and its denial. Plaintiffs suggest that the Court conduct an *in camera* review of the reserve information; if the reserve remained a nominal amount throughout the claim, production may not be necessary, but if the reserve was set at a meaningful amount or changed as the insurer investigated, it would be relevant.

The Court finds that the reserve information has a possibility of leading to admissible evidence in this case; therefore, *in camera* review is unnecessary. Defendant shall forthwith disclose its reserve information.

**C.    Other Claims and Actions**

Defendant argues Plaintiffs' request for unrelated lawsuits and Office of Insurance Commissioner inquiries and complaints regarding losses have nothing to do with the present lawsuit and the Court should thus restrict such discovery to

ORDER - 4

prevent abuse (Defendant claims a search for such information would require at least 100 hours of review time to identify responsive complaints and lawsuits and additional time for a witness to prepare to testify regarding the information).  ECF No. 37 at 8-10.

Counsel for Plaintiffs did not provide the undersigned with any briefing with respect to this area of inquiry, *see* ECF No. 39 and 45, and, at the hearing, indicated he was willing to concede the point.  The Court, on the present record, agrees with Defendant's assertion that the request is overbroad.  Defendant shall not be required to provide information pertaining to other claims and actions.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Protective Order, **ECF No. 37**, is **GRANTED**.  Defendant shall produce its claims manuals to Plaintiffs subject to a protective order.

2.    Defendant's reserve information has a possibility of leading to admissible evidence in this case; therefore, Defendant shall, **within five (5) days** of the date of this order, disclose information regarding its reserves to Plaintiff.

3.    Defendant shall not be compelled to provide discovery related to other claims and actions.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies to counsel.

DATED May 19, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5